# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| EDWARD A. URBANSKI, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 11-3497-CV-S-RED-P |
| STATE OF MISSOURI, | ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS, AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Edward Urbanski, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on December 12, 2011, seeking to challenge his 2011 convictions and sentences for second degree burglary and theft, which were entered pursuant to a guilty plea in the Circuit Court of Greene County, Missouri.

Petitioner raises two grounds for relief: (1) that the trial court erred in not affording petitioner a speedy trial and access to the courts; and (2) that the trial court violated petitioner's Due Process rights in failing to hold a hearing regarding his motion to dismiss the burglary and theft charges. Respondent contends that the petition is unexhausted and without merit. Specifically, respondent contends that petitioner's decision to plead guilty waived the grounds for relief presented in this petition.

Petitioner pled guilty to second degree burglary and theft in the Circuit Court of Greene County, Missouri, on July 6, 2011, and was sentenced to five years in the Missouri Department of Corrections. (Doc. No. 5, Exhibit A). Execution of that sentence was suspended, and petitioner was placed on five years of probation.

## **THE RIGHT TO A SPEEDY TRIAL**

A detainee's right to a speedy trial can be construed as a federal right endowed by the Sixth Amendment, or as a state right governed by statute. See generally Barker v. Wingo, 407 U.S. 514 (1972) (incorporating Sixth Amendment right to a speedy trial); MO. REV. STAT. § 217.490 (the "Agreement on Detainers" between states). However, regardless of how petitioner's speedy trial claim is construed, it fails to state a basis for federal habeas relief.

First, if petitioner is claiming a violation of his Sixth Amendment right to a speedy trial, his claim has been waived. A guilty plea waives "all non-jurisdictional defects and defenses and equates with an admission of guilt." United States v. Soriano-Hernandez, 310 F.3d 1099, 1103 (8th Cir. 2002) (quoting Cantrell v. United States, 413 F.2d 629, 632 (8th Cir. 1969)). The Eighth Circuit has explicitly stated that a criminal defendant waives his Sixth Amendment right to a speedy trial upon entering a guilty plea, and he or she cannot later raise the speedy trial claim in a § 2254 habeas petition. See Cox v. Lockhart, 970 F.2d 448, 453 (8th Cir. 1992) (agreeing with the second, fifth, and eleventh circuits that speedy trial violations are nonjurisdictional, and are therefore waived by a guilty plea). Further, the plea court's failure to consider petitioner's motion to dismiss cannot supply a valid ground for relief in this § 2254 petition, because petitioner waived any possible positive outcome of the pending motion by pleading guilty.

Second, to the extent petitioner claims a violation of state law, see MO. REV. STAT. § 217.490 et seq., the petition fails to state a cognizable claim for relief. As noted by respondent, "[v]iolation . . . of a state speedy trial law, taken alone, does not present a federal claim reviewable [in a § 2254] habeas petition." Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994). Instead, a § 2254 petitioner must display a violation of his Sixth Amendment rights under Barker, cited supra. Here, petitioner's Sixth

-2-

Case 6:11-cv-03497-RED   Document 8   Filed 03/19/12   Page 2 of 3

Amendment rights have been waived.

For the above reasons, regardless of whether petitioner's grounds are construed as being based in federal or state law, they are without merit. Therefore, grounds 1 and 2 are denied, and the case will be dismissed, with prejudice.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## ORDER

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

                                            */s/ Richard E. Dorr*
                                            RICHARD E. DORR
                                            UNITED STATES DISTRICT JUDGE

Springfield, Missouri,

Dated: March 19, 2012.